UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ABE B. EVANS, | ) |
| Movant, | ) |
| vs. | ) Case No. 1:07CV67 CDP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Movant Abe B. Evans brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Evans was sentenced to 48 months imprisonment following his conviction by a jury of eight counts of uttering forged securities. Criminal Case No. 1:04CR194 CDP. His conviction was affirmed on appeal. *United States v. Evans*, 455 F.3d 823 (8th Cir. 2006).

As grounds for his § 2255 motion, Evans alleges that he received ineffective assistance of counsel in numerous respects, and he raises one claim of evidentiary error. The claim of evidentiary error was waived because it was not raised on direct appeal, and the claims of ineffective assistance of counsel are conclusively refuted by the record. I will therefore deny the motion to vacate without a hearing. I will not grant a certificate of appealability as Evans has not presented a substantial showing of the denial of a constitutional right.

## Background

The Eighth Circuit Court of Appeals summarized the evidence in the case as follows:

> Plastene Supply company (Plastene) hired Evans as a maintenance worker in 1997 and terminated his employment in June 1998. During that period, Evans became romantically involved with Andrea Buchanan, Plastene's payroll clerk. In early 1998, Buchanan and Evans devised a scheme to cash false payroll checks and keep the proceeds. This scheme continued until February 2002, when Plastene discovered that Evans and Buchanan had embezzled approximately $1.8 million.

455 F.3d at 823-824.

Evans pleaded not guilty and was convicted by a jury after a three-day trial. The government called eleven witnesses, and defendant called two witnesses. The government's evidence included the testimony of Andrea Buchanan, as well as several tape-recorded conversations between them. The government also introduced a number of documents, including the forged checks that were the subject of the specific counts of the indictment, as well as deposit slips, signature cards, and photographs.

Evans claims that his trial counsel was ineffective in the following ways:

1. He failed to conduct an investigation relating to state officials' seizure of records – the argument under this claim appears to be that counsel

should have filed a motion to suppress evidence obtained from banks pursuant to subpoenas.

2. He failed to challenge on appeal the amount of loss used for sentencing, and failed to challenge the calculation of Evans's criminal history category.

3. He failed to challenge the indictment as defective because the presentence report referred to conduct "beginning on or about January 9, 1998 and continuing through December 28, 2001" while the indictment did not use these words.

4. He failed to file a motion for judgment of acquittal challenging the sufficiency of the evidence.

5. He failed to show that the subpoena for bank records was defective.

6. (Listed as seventh ground for relief) Counsel failed to argue that the sentencing guidelines were advisory under *Blakely* and *Booker*.

Additionally, Evans alleges that the Court erred in refusing to allow handwriting evidence.

## **Discussion**

As a preliminary matter, I note that I will not hold an evidentiary hearing on this motion. "A petitioner is not entitled to an evidentiary hearing on a section

2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted). However, no hearing is required when the claim is inadequate on its face or the record affirmatively refutes the factual assertions upon which the claim is based. *Id.* As noted in more detail below, I find that Evans's claims are either inadequate or affirmatively refuted by the records and files before me, and I conclude that no evidentiary hearing is required.

## Ineffective Assistance of Counsel Claims

The Sixth Amendment establishes the right to the effective assistance of counsel in a criminal case. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient, and fell below an objective standard of reasonableness. *Id.* at 687-88. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Additionally, a defendant must show prejudice, which is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Id.* at 694; *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993).

None of Evans' complaints establish ineffective assistance of counsel.

### 1. Bank Records

Evans's First and Fifth Grounds raise essentially the same issue – that his counsel was ineffective because he failed to move to suppress evidence of Evans's and Plastene's bank accounts. According to Evans, this evidence was unlawfully obtained because of a defect in a state subpoena issued to the bank, and he was prejudiced by its introduction at his trial. However, Evans has not shown any basis for suppression of Plastene's bank records, or any prejudice because of his counsel's failure to move to suppress his bank records.

To begin with, the account subpoenaed that produced the forged checks was Plastene's account, not Evans's, and Evans had no standing to challenge a subpoena of records in which he had no interest. *See United States v. Brown*, 656 F.2d 361, 364 (8th Cir. 1981). Accordingly, any motion by Evans's counsel to suppress the forged checks from Plastene's account would have been unsuccessful, and Evans's counsel was not ineffective by failing to file such a motion. *See id.* Second, even if evidence of Evans's bank records had been suppressed, that would not have made a difference in the outcome of the case, as

there was overwhelming evidence from other sources of Evans's involvement in the crime. Specifically, the government presented testimony from several witnesses, including: Plastene employees, whose purported signatures were on checks they did not cash; Andrea Buchanan, who wrote the checks and testified that Evans signed them knowing they were forged; and bank tellers, who testified that they later cashed or deposited the forged checks for Evans. Because the evidence from Evans's bank accounts was cumulative in the face of all the other evidence, counsel's failure to file a motion to suppress it did not materially prejudice Evans's defense. *See id.* (counsel not ineffective in failing to file a motion to suppress unlawfully seized evidence when it is cumulative). Accordingly, I will dismiss his First and Fifth Grounds for relief without an evidentiary hearing.

## 2. Evans's Sentence

In several of his grounds for relief, Evans asserts that his counsel was ineffective for failing to challenge his sentence at trial and on appeal. Because these grounds for relief generally present the same issues, I will consider them together.

In his Second Ground, Evans alleges that his appellate counsel was ineffective because he failed to challenge on appeal the amount of loss used for

sentencing, and failed to challenge the calculation of Evans's criminal history category. Essentially, Evans's argument seems to be that his sentence was in error because I imposed it based on facts that were not proven to a jury beyond a reasonable doubt, but instead were determined by me by a preponderance of the evidence. Evans already raised this argument on direct appeal, and the appellate court denied it. *United States v. Evans*, 455 F.3d 823, 823 n.2 (8th Cir. 2006). Specifically, the court concluded that Evans's argument was without merit because a trial court is allowed to make findings of fact using a preponderance of the evidence standard as long as the court applies the sentencing guidelines in an advisory manner, which I did.[1] *Id.* (citing *United States v. Thorpe*, 447 F.3d 565, 569 (8th Cir. 2006)). Because Evans litigated this issue on direct appeal and lost, he is now barred from raising it in his Section 2255 motion. *See United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1980) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated in a motion to vacate pursuant to 28 U.S.C. § 2255.").

---

[1] At the sentencing hearing, Evans's trial counsel objected to facts contained in the presentence report, including the charged conduct and uncharged relevant conduct, as insufficiently supported by the record. I overruled that objection because I determined that the presentence report was consistent with the evidence raised at trial.

Evans makes a similar argument in his Third Ground for relief. Specifically, he alleges that his trial counsel was ineffective for failing to object to the indictment as defective because the presentence report referred to conduct "beginning on about January 9, 1998 and continuing through December 28, 2001," but the indictment omitted that language. In effect, Evans is contesting once again the fact that I determined his sentence by considering his uncharged relevant conduct – the additional sums of money he embezzled from Plastene above the amount listed in the indictment. As I mentioned above, Evans is barred from raising this issue in his Section 2255 motion, as it was previously considered and rejected by the appellate court on direct appeal. *See id.*

In his Seventh Ground for relief, Evans states that,

> because of the ineffective assistance of counsel at the trial and sentencing stages, and on appeal, [he] was deprived of the statutory right to bring forth non-frivolous issues at sentencing and on appeal relevant to "the laws of Blakely and Booker's rule of errors."

Apparently, Evans contends that counsel was ineffective because he failed to argue that the sentencing guidelines are advisory under *Blakely* and *Booker*. The record belies this contention. The record conclusively reveals that Evans's trial counsel and I were both aware of the holding of *United States v. Booker*, 543 U.S. 220 (2005) that the sentencing guidelines are advisory, not mandatory. Indeed,

both counsel and I referred to the guidelines as "advisory" during Evans's sentencing hearing. Evans's argument that his trial counsel was ineffective because he failed to argue that the sentencing guidelines are advisory is not supported by the record and is without merit.[2] Accordingly, his Second, Third, and Seventh Grounds for relief will be dismissed without an evidentiary hearing.

### 3. Motion for Acquittal

In his Fourth Ground for relief, Evans alleges that counsel was ineffective because he failed to file a motion for judgment of acquittal challenging the sufficiency of the evidence. However, even if Evans could prove that his counsel was ineffective for failing to file such a motion, Evans cannot show that his failure to do so materially and adversely prejudiced the outcome of Evans's case, because there was sufficient evidence of his crimes to survive such a motion. *See Strickland*, 466 U.S. at 686.

Under Fed. R. Crim. P. 29(a), a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Evans

---

[2] Evans also seems to claim that counsel was ineffective for failing to bring nonfrivolous issues at sentencing and on appeal. Although Evans does not specify what nonfrivolous issues his counsel might have raised, to the extent that there are nonfrivolous issues, Evans waived them at his sentencing hearing. At the hearing, I asked Evans whether there were any other objections to the Presentence Report that he wanted his attorney to raise that had not already been raised, and he said there were none. He also failed to assert any such claim on appeal.

was charged with eight counts of uttering forged securities in violation of 18 U.S.C. § 513(a), which provides that

> [w]hoever makes, utters or possess a counterfeited security . . . of an organization, or whoever makes, utters or possesses a forged security . . . of an organization, with intent to deceive another person, organization or government shall be fined under this title or imprisoned for not more than ten years, or both.

Evans, it seems, contends that there was insufficient evidence of his guilt to survive a motion for judgment of acquittal because the only evidence presented at trial tying him to the crime was his accomplice's testimony. That contention is not supported by the record, however. At trial, the government presented evidence from eleven witnesses and introduced thirty-three exhibits during its case-in-chief, including eight Plastene checks that were the subject of the indictment against Evans, as well as a schedule of embezzled Plastene checks, signature cards, and deposit slips. A witness from Plastene detailed how the company had discovered Evans's and his accomplice's scheme to defraud the company by forging their signatures on company checks after other Plastene employees found out they were being issued checks they did not request. The company determined Evans was involved by comparing Evans's known signature from W-2s he signed with the forged signature on the checks. There was also witness testimony from a bank teller that Evans had deposited some forged checks into his personal account.

Evans's accomplice also testified that she and Evans had devised the scheme together and that they had fraudulently cashed checks in order to defraud the company of around $1.8 million. Together, they spent the money on vacations, property, and vehicles.

Because this evidence was sufficient to sustain a conviction on eight counts of uttering in violation of 18 U.S.C. § 513(a), counsel's alleged failure to move for a judgment of acquittal did not prejudice the outcome Evans's case. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (as a matter of law, counsel cannot be ineffective for failing to make a meritless arugment). Accordingly, Evans's Fourth Ground for relief is dismissed without need for an evidentiary hearing.[3]

## **Evidentiary Error**

In his Sixth Ground for relief, Evans contends that I committed an evidentiary error by excluding handwriting evidence. Apparently, Evans believes that I wrongfully excluded a "handwriting analysis report supporting finding made by Washington D.C. analysis discovery." Evans, representing himself, chose not

---

[3] Although not presented as a ground for relief, in Evans's Memorandum in Support of his Section 2255 Motion, Evans asserts that counsel was also ineffective because he failed to request any "cautionary jury instructions to the jury about codefendant's plea of guilty not being used as evidence of defendant's guilt." Evans's contention is simply incorrect – before jury deliberations in his criminal trial, I instructed the jury that his accomplice's "guilty plea cannot be considered . . . as any evidence of this defendant's guilt."

to assert this claim on direct appeal, however, so he is barred from bringing it for the first time in his Section 2255 motion. *See Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992) (Section 2255 movants barred from bringing actions for unappealed errors to which no contemporaneous objection was made, unless they can show both (1) cause excusing the double procedural default, and (2) actual prejudice). This is true even though Evans was proceeding *pro se* on his appeal, as "a defendant who has elected to proceed pro se cannot later complain of his own ineffectiveness as a ground for reversal." *United States v. Weisman*, 858 F.2d 389, 391 (8th Cir. 1988).

Morever, even if Evans had not waived his claim of evidentiary error, the claim still fails on the merits. Although the Sixth Amendment guarantees a criminal defendant the right "to have compulsory process for obtaining witnesses in his favor," U.S. Const. amend. VI., a defendant's right to compulsory process is only violated if he is "arbitrarily deprived of 'testimony [that] would have been *relevant* and *material*, and . . . *vital* to the defense.'" *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (emphasis in original) (citing *Washington v. Texas*, 388 U.S. 14, 16 (1967)); *see also United States v. Holtzen*, 718 F.2d 876, 878 (8th Cir. 1983) (dismissing Section 2255 motion in part because excluded testimony was "unnecessary" and "inessential" to adequate defense). In this case,

even if the proposed handwriting evidence was relevant to Evans's defense, it was not vital. Evans was able to present his defense – that it was not his handwriting on the forged checks – through the testimony of his sister and business associate, Stephanie Long, who testified that the signature on the checks was not Evans's. Because the alleged handwriting evidence was not vital to Evans's defense, the record before me conclusively shows that Evans's right to compulsory process was not denied, and I will deny his Sixth Ground for relief without a hearing.

### **Certificate of Appealability**

As Evans has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 33 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings)).

Accordingly,

**IT IS HEREBY ORDERED** that Abe B. Evan's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#1] is denied.

even if the proposed handwriting evidence was relevant to Evans's defense, it was not vital. Evans was able to present his defense – that it was not his handwriting on the forged checks – through the testimony of his sister and business associate, Stephanie Long, who testified that the signature on the checks was not Evans's. Because the alleged handwriting evidence was not vital to Evans's defense, the record before me conclusively shows that Evans's right to compulsory process was not denied, and I will deny his Sixth Ground for relief without a hearing.

### **Certificate of Appealability**

As Evans has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 33 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings)).

Accordingly,

**IT IS HEREBY ORDERED** that Abe B. Evan's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as movant has not made a substantial showing of the denial of a federal constitutional right.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 11th day of December, 2009.